[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14501
Non-Argument Calendar
_____

D.C. Docket No. 4:97-cr-00052-RH-WCS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY MICHAEL WRIGHT,
a.k.a. Mike Wright,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 5, 2015)

Before WILLIAM PRYOR, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Harry Wright appeals *pro se* the denial of his motion to dissolve a writ of execution on his real property. The United States filed the writ to satisfy a judgment for restitution and fines that it had obtained in a criminal action against Wright. We affirm.

We review the denial of Wright's motion to dissolve the writ of execution for abuse of discretion. *See Zelaya/Capital Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1300 (11th Cir. 2014). Under that deferential standard, we will not disturb the judgment unless the district court "applied the wrong law or its decision was manifestly erroneous." *Id.* at 1301.

The district court did not abuse its discretion when it denied Wright's motion to dissolve the writ of execution. "All property in which [a] judgment debtor has a substantial nonexempt interest . . . [is] subject to levy pursuant to a writ of execution." 28 U.S.C. § 3203(a). A lien in favor of the United States "ar[ose] on the entry of the judgment" of restitution and fines, and the lien attached to "all property and rights to property of" Wright. *See* 18 U.S.C. § 3613(c). That lien was treated as "a liability for a tax assessed under the Internal Revenue Code of 1986," *id.*, and when recorded on May 10, 1999, in the County Clerk's Office of Gadsden County, Florida, the lien had the same effect as a federal tax lien, *id.* § 3613(d), (f).

2

Wright challenges the denial of his motion on three grounds, all of which fail. First, Wright argues, for the first time, that his property is not subject to a writ of execution because it was not mentioned as a forfeitable asset in his plea agreement, but federal law permitted the United States to seek a writ of execution on all of Wright's property in which he had a "substantial nonexempt interest," 28 U.S.C. § 3203(a). Second, Wright argues that his property is protected under the homestead exemption provided by the State of Florida, but the federal statute that permitted the writ of execution to satisfy the criminal judgment against Wright, *id.*, provides no exception for a homestead exemption under state law. The Supreme Court ruled in *United States v. Rodgers*, 461 U.S. 677, 103 S. Ct. 2132 (1983), that the Supremacy Clause "provides the underpinning for the Federal Government's right to sweep aside state-created [homestead] exemptions." *Id.* at 701, 103 S. Ct. at 2146. Third, Wright argues that the lien is defective because the United States failed to comply with Florida law, but the United States satisfied its obligation to file its lien "in the office of the clerk of the circuit court of the county in which the real property . . . is situated," Fla. Stat. § 713.901(3)(b).

We **AFFIRM** the denial of Wright's motion to dissolve the writ of execution.

3